ALC:MEB
F. #2015R00348

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

STEVE WIGGINTON,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. <u>18-86 (FB)</u>
(T. 18, U.S.C., §§ 371, 982(a)(6),
  982(b)(1) and 3551 <u>et</u> <u>seq.</u>; T. 21,
  U.S.C., § 853(p))

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.    <u>The H-1B Visa Program</u>

1.    The H-1B Visa program allowed United States employers to temporarily employ foreign workers in specialty occupations.

2.    To obtain an H-1B Visa for a foreign worker, a United States employer was obligated to submit a Petition for a Non-Immigrant Worker ("Form I-129") and supporting documents to the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"), and a Foreign Labor Certification Form ("Form ETA-9035/9035E") and supporting documents to the Department of Labor, Employment and Training Administration ("DOL-ETA").

3.    Sponsoring United States employers could also seek to hire foreign workers for permanent work in the United States by filing an Application for Permanent

Employment Certification ("Form ETA-9089") with DOL-ETA.   Form ETA-9089 required that an employer provide the name of the employer, the location of the job, the job title and the salary the employer would pay the foreign worker.

4.    If DOL-ETA approved and certified the Form ETA-9089, a foreign worker's employer could file an Immigrant Petition for Alien Worker ("Form I-140") with USCIS on the foreign worker's behalf.   An approved Form I-140 permitted a foreign worker to apply for lawful permanent residence status in the United States, also known as a "green card."

II.    The Defendant

5.    The defendant STEVE WIGGINTON was an owner of Accelerated Innovators, Inc. ("Accelerated").   Accelerated was located in Westbury, New York, and, in or about and between 2009 and 2017, was involved in businesses including soliciting foreign national clients ("Clients") who wanted to apply for H-1B Visas in order to work in the United States in skilled labor positions, including as computer programmers.

III.    The Fraudulent Scheme

6.    In or about and between 2009 and 2017, the defendant STEVE WIGGINTON, together with others, engaged in a scheme to solicit Clients and charge them fees to fraudulently obtain H-1B Visas and other immigration benefits for them that were related to skilled employment by preparing and submitting false documents to USCIS and DOL-ETA.

7.    It was a part of the scheme that the defendant STEVE WIGGINTON, together with others, prepared and submitted, and aided and abetted the preparation and submission of, Forms I-129, Forms 9035/9035E and supporting documents they knew falsely

represented that certain United States employers were seeking to hire the Clients in specialty

occupations when, as the defendant then and there well knew and believed, the employers

were unwilling or unable to hire the Clients.

8.     Specifically, in or about and between 2009 and November 2012,

Accelerated submitted false Forms I-129, Forms 9035/9035E and supporting documents that

claimed that certain Clients would be hired as Accelerated employees to work as contracted

computer programmers at a technology company, the identity of which is known to the

United States Attorney (the "Technology Company"), when in truth and in fact, the Clients

were not going to be hired to work for the Technology Company.   Among other things,

Accelerated submitted approximately 31 false letters on behalf of a group of Clients (the "31

Clients"), on letterhead purportedly of the Technology Company, with the forged signature

of an employee of the Technology Company, falsely asserting that each of the 31 Clients

would work as a contract computer programmer for the Technology Company.   The 31

Clients, one of whom was John Doe, an individual whose identity is known to the United

States Attorney, never performed any services for the Technology Company.

9.     As a further part of the scheme, in or about and between 2012 and

2017, Accelerated submitted false Forms ETA-9089, Forms I-140 and supporting documents

on behalf of many of the 31 Clients, falsely asserting that the applicants had been working

for the Technology Company.

10.     As a further part of the scheme, in or about and between 2012 and

2017, Accelerated submitted false Forms I-129, Forms ETA-9035/9035E, Forms ETA-9089,

Forms I-140 and supporting documents on behalf of other Clients.

## VISA FRAUD CONSPIRACY

11.     The allegations contained in paragraphs one through 10 are realleged and incorporated as if fully set forth in this paragraph.

12.     In or about and between 2009 and 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEVE WIGGINTON, together with others, did knowingly and willfully conspire to subscribe as true, under penalty of perjury under Title 28, United States Code, Section 1746, one or more false statements with respect to material facts, to wit: that United States employers were seeking to hire the Clients and had hired the Clients for particular specialty occupations, in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, to wit: Forms I-129, Forms ETA-9035/9035E, Forms ETA-9089, Forms I-140 and supporting documents, and to present such applications, affidavits and other documents which would contain such false statements and which would fail to contain any reasonable basis in law and fact, contrary to Title 18, United States Code, Section 1546(a).

13.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant STEVE WIGGINTON, together with others, did commit and cause to be committed, among others, the following:

## OVERT ACTS

a.     On or about May 29, 2012, WIGGINTON, together with others, submitted a Form I-129 and supporting documents claiming that John Doe would be employed at Accelerated to work as a contract computer programmer for the Technology Company.

b.       On or about March 23, 2015, WIGGINTON, together with others, submitted a Form I-140 and supporting documents claiming that John Doe had been working as a computer programmer for the Technology Company for several years.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

14.      The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), which requires any person convicted of such offense to forfeit: (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offense; (b) any property real or personal that constitutes, is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offense; and (c) any property real or personal that is used or intended to be used to facilitate the commission of such offense.

15.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(6) and 982(b)(1); Title 21, United States Code, Section 853(p))

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2015R00348

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*STEVE WIGGINTON,*

Defendant.

# INFORMATION

### (T. 18, U.S.C., 371, 982(a)(6)(a), 982(b)(1) and 3551 et seq.)

*A true bill.*

_____ _ _ _ _
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _ _ _ _ _

_____ _ _
Clerk

*Bail, $* _____

_____

**Mark E. Bini, Assistant U.S. Attorney (718) 254-8761**